UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NUMBER 15-277 |
| KENDALL CELESTINE | * | SECTION L |

### ORDER & REASONS

Before the Court is *pro se* petitioner Kendall Celestine's motion for the appointment of counsel. R. Doc. 362. Having considered the applicable law, the Court now rules as follows.

### I. BACKGROUND

On November 11, 2018, Defendant Kendall Celestine pleaded guilty to counts one and sixteen of a Seventh Superseding Indictment, which charged him with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 846 and 18 U.S.C. § 924(c)(1)(A)(i). R. Doc. 261. On May 16, 2019, Celestine was sentenced to one hundred and twenty months in the custody of the Bureau of Prisons. R. Doc. 326 at 2.

### II. PRESENT MOTION

On October 7, 2019, Mr. Celestine filed a motion requesting that the Court appoint an attorney to assist him in seeking "post-conviction relief in light of *U.S. v. Davis* and ineffective assistance of counsel." R. Doc. 362.

### III. LAW & ANALYSIS

Unless an evidentiary hearing is required, there is generally no constitutional right to the assistance of counsel when seeking post-conviction relief. *See United States v. Barnes*, 662 F.2d

777, 780 (D.C. Cir. 1980); *see also Alford v. United States*, 709 F.2d 418, 423 (5th Cir. 1983) ("An indigent prisoner who is ordered to receive an evidentiary hearing upon his § 2255 petition is entitled to representation by appointed counsel at the hearing.") Nevertheless, 18 U.S.C. § 3006A provides federal district courts with the discretionary power to appoint counsel to indigent individuals seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255, when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Whether the interests of justice require the appointment of counsel depend in large part on the merits of the motion, the complexity of the legal and factual arguments raised by the petitioner's motion, and the capabilities of the petitioner. *United States v. Barnes*, 662 F.2d 777, 780 (D.C. Cir. 1980); *see also United States v. Emmons*, 154 F.3d 417 (5th Cir. 1998) (denying motion to appoint counsel where the issues presented were "straightforward"); *Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985) (denying motion to appoint counsel where petitioner's pro se brief addressed the relevant issues and pertinent facts, which were "not particularly complex').

Because Mr. Celestine has not filed any motions for post-conviction relief, it is unclear what relief he will ultimately seek. Nevertheless, the Court choses to exercise its discretion here. Specifically, the Court recognizes that Mr. Celestine appears to wish to make an ineffective assistance of counsel claim. Considering the length of Mr. Celestine's prison term, the severity of the charges against him, and the complexity of such a claim, the Court finds that the interest of justice requires the appointment of counsel in the instant matter.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Mr. Celestine's Motion for the Appointment of Counsel is **GRANTED.**

**IT IS FURTHER ORDERED** that this issue be referred to the Federal Public Defender's Office for appointment of counsel.

New Orleans, Louisiana this 6th day of February, 2020.

                                                Eldon E. Fallon
                                  United States District Court Judge