UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 15-277** |
| **CASON ET AL.** | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court are Defendant Kendall Celestine's and Defendant Richard Green's respective *pro se* Motions for Compassionate Release. R. Docs. 459, 465. The government filed responses to both motions. R. Docs. 461, 467. Both Defendants have replied. R. Docs. 464 (Celestine), 470 (Green). Having considered the briefing and the applicable law, the Court now rules as follows.

I.   BACKGROUND

On November 11, 2018, Defendant Kendall Celestine pleaded guilty to counts one and sixteen of a Seventh Superseding Indictment, which charged him with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and possession of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 846 and 18 U.S.C. § 924(c)(1)(A)(i). R. Doc. 261. On May 16, 2019, Celestine was sentenced to one hundred and twenty months in the custody of the Bureau of Prisons to be followed by four years of supervised release. R. Doc. 326 at 2.

On December 11, 2018, Defendant Richard Green entered in a plea agreement. R. Doc. 278. However, on May 30, 2019, he moved to withdraw his plea agreement because laboratory

1

results made clear that, although Green had pleaded guilty to offenses involving MDMA and heroin, in actuality no MDMA was involved and the controlled substance thought to be heroin was actually fentanyl, R. Doc. 324, and the Court accepted, R. Doc. 330.

In his updated plea agreement, R. Doc. 332, Green pleaded guilty to counts one through six of the Superseding Bill of Information, charging him with: (1) conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846; (2) conspiracy to possess firearms in furtherance of a drug-trafficking crime in violation of 18 U.S.C. 924(o); (3) two counts of being a felon possession of a firearm in violation of 18 U.S.C. 922(g)(1), 924(a)(2); (4) possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. §2; and (5) possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and 2. R. Doc. 328. On November 21, 2019, Green was sentenced to a total of seventy-two months imprisonment to be followed by four years of supervised release. R. Docs. 388 at 3, 398..

## II.     PRESENT MOTIONS

### A. Celestine's Motion

On June 21, 2021, Celestine filed a *pro se* motion for compassionate release. R. Doc. 459. Celestine asserts that his asthma puts him at greater risk of suffering severe illness if he were to contract COVID-19, R. Doc. 459-1 at 5, and that this greater risk constitutes an "extraordinary and compelling reason" for compassionate release, *id.* at 1. He avers that upon release, he would live with his mother and seek employment in the retail and/or warehousing industry. *Id.* at 9.

The government opposes Celestine's motion, arguing that Celestine has not shown extraordinary and compelling reasons for his release or that the § 3553(a) sentencing factors weigh

in his favor. R. Doc. 461. First, the government asserts that Celestine's concerns regarding COVID-19 do not constitute extraordinary and compelling reasons because Celestine is a vaccinated 23-year-old in a facility with no active cases of COVID-19. *Id.* at 8-10. The government acknowledges that Celestine has "a history of 'asthma in childhood'" but points out that his medical records list his asthma as "resolved" and in "remission" as of 2019. *Id.* at 10. Additionally, the government argues that even taking into account "any potential underlying health risks, Celestine is unable to establish that he is likely to become seriously ill from this virus." *Id.* at 1. Second, the government contends that the § 3553(a) sentencing factors weigh against Celestine's compassionate release. *Id.* at 11. Specifically, the government asserts that, based on the seriousness of Celestine's crimes and his prior history, "[h]is sentence of 120 months was necessary to protect the public from further crimes of the defendant." *Id.*

In his reply, Celestine argues that his "case, charges, and time do not have anything to do with . . . this motion." R. Doc. 464 at 1. Additionally, he points that this is his first time in prison and that he has no history of violence. *Id.*

Celestine has now been in prison for less than three years and is currently incarcerated at the FPC Pensacola. R. Doc. 461 at 3. On December 19, 2020, Celestine made an administrative request to the Bureau of Prisons ("BOP") for compassionate release based on concerns about COVID-19 and his hypertension. His request was denied. R. Doc. 459-1 at 21.

**B. Green's Motion**

On September 17, 2021, Green filed a *pro se* motion for compassionate release. R. Doc. 465. Green argues that his high blood pressure puts him at greater risk of suffering severe illness if he were to contract COVID-19. *Id.* Accordingly, he requests that (1) his sentence of

3

imprisonment be vacated, (2) he be ordered to home confinement with electronic ankle monitoring, (3) he be appointed counsel, or (4) "other relief the Court deem[s] appropriate." *Id.* at 3. Upon release, Green states that he would live with his cousin and obtain employment. *Id.*

The government opposes his motion, arguing that Green has not shown extraordinary and compelling reasons for his release or that §3553(a) sentencing factors weigh in his favor. R. Doc. 467. First, the government asserts that Green's concerns of COVID-19 do not constitute extraordinary and compelling reasons because Green is a vaccinated 32-year-old in a facility with no active cases of COVID-19. *Id.* at 9. While the government does not dispute that Green suffers from hypertension, it explains that Green "already contracted COVID-19 and BOP reports that he did not suffer from severe illness, despite his hypertension." *Id.* at 10. Second, the government asserts that the § 3553(a) sentencing factors weigh against Green's compassionate release. *Id.* at 18. It avers that, based on the seriousness of Green's crimes and his prior history, "[h]is sentence of 72 months was necessary to protect the public from further crimes of the defendant." *Id.* at 19.

In his reply, Green asserts that his prison is at full inmate capacity, making social distancing impossible. R. Doc. 470 at 2. Additionally, he emphasizes that he was convicted of a non-violent crime and that "there is no evidence that the firearm Green had in his possession was used in any violent crime against a person or the community." *Id.* at 3.

Green has now been in prison for less than three years and is currently incarcerated at FCI Ashland. R. Doc. 467 at 4. On July 27, 2021, Green made an administrative request to the BOP for compassionate release based on his concerns of hypertension and COVID-19, and the request was denied on August 2, 2021. *Id.*

### III. APPLICABLE LAW

#### A. Compassionate Release Under 18 U.S.C. § 3582

Under 18 U.S.C. § 3582(c)(1)(A), a court, "upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] . . . if it finds that extraordinary and compelling reasons warrant such a reduction." The United States Sentencing Commission's policy statements provide four types of "extraordinary and compelling reasons" that may justify a sentence reduction: (1) medical conditions, (2) age, (3) family circumstances, and (4) other reasons. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)–(D) (2018)). These policy statements and their commentary do not bind courts, but may "inform[] [courts'] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *Thompson*, 984 F.3d at 433.

#### B. Covid-19 Concerns

Federal courts, including this Court, have found that a defendant's concerns about being susceptible to COVID-19 generally do not constitute extraordinary and compelling reasons for compassionate release. *See, e.g., United States v. Moreno*, No. CR 15-76, 2021 WL 2647005, at *2 (E.D. La. June 28, 2021) (Fallon, J.) (finding that concerns about a risk of complications due to COVID-19 did not rise to the level of extraordinary and compelling reasons for compassionate release*); United States v. Curry*, No. CR 10-111, 2020 WL 4201646, at *2 (E.D. La. July 22, 2020) (Vance, J.) (holding that a "generalized fear of the virus, by itself, does not justify release") (citing

*United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Moreover, the availability of vaccines against COVID-19 has further decreased the extent to which the risk of the virus may justify compassionate release. *See, e.g.*, *United States v. Jones*, 2021 WL 1172537, at *2 (E.D. La. Mar. 29, 2021) (Barbier, J.); *United States v. Reynard*, No. CR 10-329, 2021 WL 2662139, at *5 (E.D. La. June 29, 2021) (Africk, J.).

In some exceptional cases, courts have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he were to contract COVID-19, meaning "the pandemic, combined with underlying conditions, might be an extraordinary and compelling reason for compassionate release." *Thompson*, 984 F.3d at 434 (citing *United States v. Zukerman*, 451 F. Supp. 3d 329, 336 (S.D.N.Y. 2020)). However, even in the face of the COVID-19 pandemic, courts have generally refused to grant compassionate release for any non-terminal condition. *See, e.g.*, *United States v. Reed*, 464 F. Supp. 3d 854, 860-61 (E.D. La. 2020) (explaining thought the defendant suffered from high blood pressure, diabetes, coronary artery disease, and prostate cancer, his medical conditions did not constitute an extraordinary condition, as they were being treated and would not be considered terminal); *United States v. Mazur*, 457 F. Supp. 3d 559, 562 (E.D. La. 2020) (denying a sentencing reduction where the defendant suffered from myeloid leukemia and hypertension with the threat of COVID-19); *United States v. Thompson*, 2021 WL 1378717, at *1 (E.D. La. April 9, 2021) (denying a sentencing reduction even though the defendant suffered from high blood pressure, severe obesity, and "the lingering effects of a number of earlier injuries, . . . [which] could become seriously detrimental to his health if he were to contract COVID-19") (internal quotation marks omitted).

### C. Sentencing Factors Under 18 U.S.C. § 3553(a)

A court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) in determining whether a sentence reduction is warranted. 18 U.S.C. § 3582(c)(1)(A). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established [in the Sentencing Guidelines based on the category of offense and the defendant's characteristics];
>
> (5) any pertinent policy statement [by the Sentencing Commission];
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## IV. DISCUSSION

### A. Administrative Exhaustion Requirement

The compassionate release statute requires that the defendant have "fully exhausted all administrative rights." 18 U.S.C. § 3582(c)(1)(A). Both Defendants satisfied this

requirement by each filing a request for compassionate release with the BOP that cited health concerns amidst the COVID-19 pandemic, both of which ultimately were denied.[1]

### B. COVID-19 Concerns

While the Court is well aware of the seriousness of COVID-19, Celestine's and Green's concerns about COVID-19 are not sufficient grounds for compassionate release. Both Defendants argue that their underlying health concerns increase their risks for COVID-19 but neither claims to have a terminal or otherwise debilitating condition that would constitute an extraordinary and compelling circumstance justifying compassionate release. *See, e.g.*, *Mazur*, 457 F. Supp. 3d at 562. Rather, their conditions, while unfortunate, are relatively common. Moreover, both defendants are fully vaccinated against COVID-19, which further reduces the risk of the virus and thus weight given to COVID-19 concerns in considering compassionate release. *See United States v. Jones*, 2021 WL 1172537, at *2 (E.D. La. Mar. 29, 2021).

### C. Sentencing Factors Under 18 U.S.C. §3553(a)

Even if the Court were to find that Celestine and/or Green had extraordinary and compelling reasons justifying compassionate release, the sentencing factors in 18 U.S.C. § 3553(a) suggest that neither Defendant should be granted compassionate release.

---

[1] The government concedes that Green satisfied this administrative exhaustion requirement. R. Doc. 467 at 4. As to Celestine, the government neither expressly concedes that Celestine satisfied the exhaustion requirement nor does invokes the requirement. R. Doc. 461. The requirement of administrative exhaustion is a non-jurisdictional claim-processing rule that courts only apply if the government seeks to enforce the rule. *See United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020). Accordingly, even if Celestine failed to meet the exhaustion requirement, this Court has jurisdiction over his motion for compassionate release given the government's failure to invoke the requirement of administrative exhaustion. *See id.*

Defendants have each served less than three years in prison and have multiple years remaining in their respective custodial sentences. And the remainder of their custodial sentences reflect the seriousness of their crimes and promote respect the law. Last, the government's valid concerns of recidivism prompt the Court to ensure that the public is protected from further crimes of the Defendant.

V.   **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Celestine's Motion for Compassionate Release, R. Doc. 459, and Green's Motion for Compassionate Release, R. Doc. 465, are **DENIED**.

New Orleans, Louisiana, this 23rd day of March, 2023.